94

[No. 47092-2-I.   Division One.   November 13, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. VICTOR OSALDE, *Appellant*.

*Thomas M. Kummerow* (of *Washington Appellate Project*), for appellant.

*Gregory M. Banks, Prosecuting Attorney,* and *Michael Henegen, Deputy,* for respondent.

BECKER, A.C.J. — By statute, a court may impose an exceptional sentence where the offense involved domestic violence and was part of an ongoing pattern of psychological abuse of the victim manifested by multiple incidents over a prolonged period of time. We hold a finding of psychological abuse is adequately supported by the victim's own testimony, and affirm the exceptional sentence imposed in this case.

The State charged Victor Osalde with seven counts of felony telephone harassment arising from telephone calls he made to Erin Coughlin and her stepfather. In these calls he allegedly threatened to kill Coughlin, who is his former girl friend and the mother of his child. The court also admitted evidence of other, uncharged telephone calls in which Osalde vividly described the various forms of violence he threatened to inflict upon Coughlin and members of her family. On the second day of the trial, Osalde entered *Alford* pleas to two counts.[1] The jury found Osalde guilty of two more counts and acquitted him of the remaining three.

Osalde's standard sentencing range was 9 to 12 months. The court imposed an exceptional sentence in the form of four consecutive sentences of 12 months each. Osalde appeals from the sentence.

The trial court used two statutory aggravating factors to support the exceptional sentence. An aggravating factor is present where there is an offense involving domestic violence and "the offense was part of an ongoing pattern of

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

psychological, physical, or sexual abuse of the victim manifested by multiple incidents over a prolonged period of time." RCW 9.94A.390(2)(h)(i). The court found that Osalde's acts were part of an ongoing pattern of domestic violence involving psychological abuse, and also that they amounted to "deliberate cruelty." *See* RCW 9.94A.390(2)(a). "Ms. Coughlin was terrorized by Mr. Osalde during this relationship. It is appalling what Ms. Coughlin and her family have had to go through."[2]

Osalde concedes that he was in a domestic relationship with Coughlin. Osalde argues that the evidence was insufficient to show that Coughlin suffered any sort of psychological abuse, and that his conduct cannot be characterized as deliberate cruelty so as to distinguish it from conduct necessarily considered by the Legislature in determining the standard range.

■■ The reasons given for an exceptional sentence will be upheld on appeal if not clearly erroneous, that is, if supported by substantial evidence. *State v. Jeannotte*, 133 Wn.2d 847, 856, 947 P.2d 1192 (1997). In addition to the trial testimony about the telephone calls, Coughlin's victim impact statement provides substantial evidence that she endured psychological abuse:

> I have continually been at the mercy of a man who made it his mission to make my life miserable, for whatever his reasons are. . . .
>
> Victor Osalde has tortured me over the past four years with verbal, emotional, and physical abuse. I am fearful as to what is going to happen to me and my family. . . .
>
> I have been living a nightmare. I have experienced things that no one should ever have to go through. My self-esteem has been taken from me and I have to remind myself that I am a good person. The verbal abuse is endless. I have been spit on, slapped, punched, and kicked. I have been harassed and humiliated in the presence of family, friends, co-workers, and complete strangers. I have had my tires slashed. I was finally forced to move out of my own home to seek a safe haven for my

---

[2] Clerk's Papers at 12.

child and myself. I have nightmares almost every night that Victor carries out his threats to me and my family.

At sentencing, Coughlin's stepfather also spoke of living in fear for his family's safety. He said Coughlin was afraid to go outside to her car after dark for fear of her own life.

Osalde argues that the finding of psychological abuse is negated by the fact that Coughlin continued to see Osalde and to permit him to visit their daughter, even after he began to make the threatening calls. He argues that her claim of being terrorized cannot be genuine because she did not at once seek help from law enforcement or judicial intervention. We see no basis for imposing such a rigid test to measure the extent of intimidation and torment created by threats to kill. We are satisfied that the trial court's finding that the victim experienced psychological abuse does not exaggerate the impact of the calls, and hold the finding to be adequately supported.

■ The court stated that either aggravating factor would justify the exceptional sentence. Having affirmed the exceptional sentence as based on an ongoing pattern of domestic violence involving psychological abuse, we need not reach Osalde's arguments regarding deliberate cruelty. *State v. Vaughn*, 83 Wn. App. 669, 675, 924 P.2d 27 (1996) (an appellate court may uphold an exceptional sentence if it finds that any of the reasons given by the sentencing court when imposing the sentence are valid).

The exceptional sentence is affirmed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions. RCW 2.06.040.

KENNEDY and COX, JJ., concur.

Reconsideration denied February 6, 2002.